PEOPLE ex rel. WESTLOTORN v. MACLEAN et al.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

Where a charge against a police officer that he made an unprovoked assault on one S., and then arrested S. for disorderly conduct, is fully sustained by the testimony of S., who was corroborated by a large number of witnesses, and the testimony adduced by the officer is improbable, the dismissal of the officer by the police commissioners will not be disturbed on *certiorari.*

*Certiorari* by Albert E. Westlotorn to review a decision of Charles F. MacLean and others, police commissioners, dismissing relator from the police force.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Louis J. Grant,* for relator. *William H. Clark,* Corp. Counsel, (*John J. Delany* and *Cornelius F. Collins,* of counsel,) for respondents.

BARRETT, J. The relator, a member of the police force, was charged with conduct unbecoming an officer. The specifications were that "the said patrolman Albert E. Westlotorn did, on the evening of June 23, 1890, at about 11:50 o'clock, at the corner of Spring and Hudson streets, without cause or provocation, assault Daniel J. Sullivan, shove him into the street, at the same time striking him a violent blow on the head with his club, arrested him, and falsely charged him with disorderly conduct." The charge and specifications were fully established by the complainant, Daniel J. Sullivan, and his testimony was corroborated by a large number of witnesses. We have examined the testimony with care, and are quite satisfied that the judgment of the commissioners was entirely just. It is rare that so unprovoked and brutal an assault as that disclosed by the record is brought to the attention of the court, and it is difficult to perceive upon what theory this appeal was taken. The testimony adduced by the relator before the commissioners was most improbable, and the preponderance of evidence was decidedly against him. The appeal is without merit, and the writ should be dismissed, with costs. All concur.